IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| ANNA M. BJORNSDOTTER, on behalf of herself and others similarly situated,<br><br>             Plaintiff,<br><br>      v.<br><br>SUTTELL & HAMMER, P.S., and PATRICK LAYMAN,<br><br>             Defendants. | Civ. No. 6:18-cv-2079-MC<br><br>**OPINION AND ORDER** |

**MCSHANE, Judge**:

Plaintiff Anna M. Bjornsdotter, proceeding on behalf of herself and others similarly situated, alleges that Defendants Suttell & Hammer, P.S., ("Suttell") and Patrick Layman violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"). Pl.'s Compl. ¶ 1, ECF No. 1. Specifically, Plaintiff claims that Defendants falsely alleged that Discover Bank was entitled to a judgment on the account ("account stated" claim), that Defendants were unjustly enriched, and that Defendants impermissibly tried to collect a $65 process service fee. *Id.* at ¶¶ 38–40.

Defendants move to dismiss Plaintiff's first two claims for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) and move for summary judgment as to all three claims pursuant to Fed. R. Civ. P. 56(a). Defs.' Mot. 1, ECF No. 30. Defendants argue that the *Rooker-Feldman* doctrine and issue preclusion bar Plaintiff's first two claims and that their request for a $65 process server fee was reasonable and permitted by contract. Defs.' Mot. 2, 6–

1 – OPINION AND ORDER

14. Plaintiff moves for partial summary judgment pursuant to Fed. R. Civ. P. 56(a) regarding the merits of her claims, but not damages. Pl.'s Mot. ii, ECF No. 32.

Because Plaintiff's first two claims are barred by the *Rooker-Feldman* doctrine and issue preclusion, and because she has failed to raise a genuine dispute of material fact with respect to her third claim, this Court GRANTS Defendants' Motion to Dismiss and for Summary Judgment (ECF No. 30) and DENIES Plaintiff's Motion for Partial Summary Judgment (ECF No. 32).

## BACKGROUND

Plaintiff applied for and received a credit card from Discover Bank in 2013. Defs.' Mot. 2. Plaintiff used the card, failed to pay her credit account, and owed Discover $1,653.36. Defs.' Mot. 2. On December 4, 2017, Suttell filed a collection lawsuit against Plaintiff on behalf of Discover Bank in Lane County, Oregon. Pl.'s Compl. ¶ 22. Suttell prevailed on summary judgment and Plaintiff appealed. Pl.'s Compl. ¶ 25; Defs.' Mot. 4. The Oregon Court of Appeals affirmed without opinion. Notice of Decision, Ex. 1, ECF No. 48-1. Defendants sought a $65 process server fee and the state court awarded them $45. Defs.' Mot. 1–2. Plaintiff initiated the present action on December 3, 2018. Pl.'s Compl. Plaintiff sues on behalf of herself and others against whom Defendants filed collection complaints from December 3, 2017 on. *See* Pl.'s Compl. ¶¶ 41–44. Defendants now move for summary judgment and Plaintiff moves for partial summary judgment. ECF Nos. 30 and 32.

## STANDARDS OF REVIEW

### I. Motion to Dismiss Under Fed. R. Civ. P. 12(b)(1)

A motion to dismiss under Fed. R. Civ. P. 12(b)(1) challenges the subject matter jurisdiction of a federal court. A federal court has no jurisdiction to resolve any claim for which a

plaintiff lacks standing. *Warth v. Seldin*, 422 U.S. 490, 498 (1975); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). Standing requires a plaintiff to show she has "suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant, and that the injury 'fairly can be traced to the challenged action' and 'is likely to be redressed by a favorable decision.'" *Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.*, 454 U.S. 464, 472 (1982) (citations omitted). "The party invoking federal jurisdiction bears the burden of establishing these elements." *Lujan*, 504 U.S. at 561.

**II. Motion for Summary Judgment Under Fed. R. Civ. P. 56(a)**

This Court must grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue is "genuine" if a reasonable jury could find in favor of the non-moving party. *Rivera v. Phillip Morris, Inc.*, 395 F.3d 1142, 1146 (9th Cir. 2005) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A fact is "material" if it could affect the outcome of the case. *Id.* The Court reviews evidence and draws inferences in the light most favorable to the nonmoving party. *Miller v. Glenn Miller Prods., Inc.*, 454 F.3d 975, 988 (9th Cir. 2006) (quoting *Hunt v. Cromartie*, 526 U.S. 541, 552 (1999)). When the moving party has met its burden, the nonmoving party must present "specific facts showing that there is a *genuine issue for trial*." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986) (quoting Fed. R. Civ. P. 56(e)) (emphasis in original). The "mere existence of a scintilla of evidence in support of the plaintiff's position [is] insufficient" to avoid summary judgment. *Liberty Lobby, Inc.*, 477 U.S. at 252. Uncorroborated allegations and "self-serving testimony" are also insufficient. *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002).

## DISCUSSION

### I. *Rooker-Feldman* Doctrine

Plaintiff's first two claims are barred by the *Rooker-Feldman* doctrine, which precludes lower federal courts from hearing claims that collaterally attack prior state court decisions. *See Ignacio v. Judges of U.S. Court of Appeals for the Ninth Circuit*, 453 F.3d 1160, 1165 (9th Cir. 2006); *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415–16 (1923). The doctrine prohibits federal district courts from exercising subject matter jurisdiction over suits "brought by state-court losers complaining of injuries caused by state court judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). "Federal district courts may exercise only original jurisdiction; they may not exercise appellate jurisdiction over state court decisions." *Dubinka v. Judges of Sup. Ct.*, 23 F.3d 218, 221 (9th Cir. 2005). An action brought in federal court constitutes such an appeal if "claims raised in the federal court action are 'inextricably intertwined' with [a] state court's decision such that the adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules." *Reusser v. Wachovia Bank, N.A.*, 525 F.3d 855, 859 (9th Cir. 2008) (*quoting Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003)). In essence, "a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. De Grandy*, 512 U.S. 997, 1005–06 (1994) (citations omitted).

Plaintiff previously brought claims in state court against the Defendants for falsely alleging entitlement to judgment on the account and unjust enrichment. Pl.'s Compl. ¶¶ 28–32.

The state court considered the parties' cross-motions for summary judgment and ruled in favor of Discover Bank. Shin Decl., Exs. 3 and 12, ECF No. 31. Plaintiff now seeks relief from the state court's determination and raises issues "inextricably intertwined" with the state court's decision. *See Johnson*, 512 U.S. at 1005–06 (citations omitted); *Reusser*, 525 F.3d at 859 (*quoting Bianchi*, 334 F.3d at 898). This Court, therefore, lacks subject matter jurisdiction over Plaintiff's first and second claims.

## II. Issue Preclusion

Plaintiff's first two claims are also barred by issue preclusion. Issue preclusion prevents re-litigation of an issue of fact or law under a new cause of action that has already been decided in a prior court proceeding involving a party from the first case. *Allen v. McCurry*, 449 U.S. 90, 94 (1980) (citation omitted). "Issue preclusion arises in a subsequent proceeding when an issue of ultimate fact has been determined by a valid and final determination in a prior proceeding." *Nelson v. Emerald People's Util. Dist.*, 318 Or. 99, 103 (1993) (citations omitted). Issue preclusion applies when:

> 1. The issue in the two proceedings is identical.
>
> 2. The issue was actually litigated and was essential to a final decision on the merits in the prior proceeding.
>
> 3. The party sought to be precluded has had a full and fair opportunity to be heard on that issue.
>
> 4. The party sought to be precluded was a party or was in privity with a party to the prior proceeding.
>
> 5. The prior proceeding was the type of proceeding to which this court will give preclusive effect.

*Id.* at 104 (citations omitted). The Full Faith and Credit Act, 28 U.S.C. § 1738, requires federal courts to give state court judgments the same preclusive effect that the law of the state where the

5 – OPINION AND ORDER

judgment was rendered would give. *Gonzales v. California Dep't of Corr.*, 739 F.3d 1226, 1230 (9th Cir. 2014) (citation omitted).

The issues underlying the unjust enrichment and account stated claims in state court are identical to Plaintiff's federal claims. Plaintiff had a fair opportunity to be heard on those issues in state court, and the issue was essential to the outcome there. The state court entered judgment and the Oregon Court of Appeals affirmed. Plaintiff's first two claims are barred by issue preclusion.

### III. Process Service Fee

Plaintiff has failed to raise a genuine dispute of material fact regarding her third claim. Plaintiff alleges that Defendants violated the FDCPA by pursuing a $65 process service fee—and has done so in over 100 collection actions within the past year—despite lacking a contractual right and facing a statutory limitation. Pl.'s Compl. ¶¶ 33–36. The eight FDCPA provisions that Plaintiff rests her third claim on prohibit debt collectors from engaging in harassment or abuse, making false or misleading representations, and engaging in unfair practices. *See* Pl.'s Compl. ¶ 40; 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(5), 1692e(7), 1692e(10), 1692f, and 1692(f)1. Plaintiff argues that Defendants' attempt to collect a $65 flat fee was false, deceptive, and misleading because the process server fee was $35. Pl.'s Resp. 22; Pl.'s Mot. Ex. 12, at 5, ECF No. 32-10. Generally, the FDCPA does not preclude a debt collector from seeking legal relief when it has a good-faith basis to do so. *Kaiser v. Cascade Capital, LLC*, No. 3:16-CV-00744-AC, 2018 WL 1521892, at *8 (D. Or. Mar. 28, 2018).

Here, Suttell sought a $65 process service fee based on its Cardmember Agreement with Plaintiff and ORS § 20.115(4). *See* Defs.' Mot. 13; Shin Decl. Exs. 14, 15, and 16, at 2, ECF No.

31. A person may recover the amount paid to a sheriff for service of process under ORS 21.300 or reasonable costs of service if the party has a contract right to recover such costs. ORS § 20.115(a)(1) and (4). The state court awarded Suttell $45, the statutory amount the court routinely allows. *See* Shin Decl. Ex. 18, ECF No. 31; *see* ORS § 21.300(1)(a). Regardless, Suttell had a good-faith basis for seeking $65. The Cardmember Agreement allowed Discover Bank to recover court costs in the event of a collection lawsuit, and the process server charged Suttell a $65 flat fee. *See* Shin Decl. Exs. 16, at 2 and Ex. 5, at 4, ECF No. 31.

Because Plaintiff has failed to raise a genuine dispute of material fact, this Court grants summary judgment in favor of Defendants as to Plaintiff's third claim.

## **CONCLUSION**

Defendants' Motion to Dismiss and Motion for Summary Judgment, ECF No. 30, is GRANTED. Plaintiff's Motion for Partial Summary Judgment, ECF No. 32, is DENIED. Plaintiff's first two claims are DISMISSED with prejudice and the Court GRANTS summary judgment in favor of Defendants as to Plaintiff's third claim.

IT IS SO ORDERED.

DATED this 4th day of March, 2020.

_s/Michael J. McShane_____
**Michael J. McShane
United States District Judge**