IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ANNA M. BJORNSDOTTER, on behalf
of herself and others similarly situated,

        Plaintiff,

      v.

SUTTELL & HAMMER, P.S.,
and PATRICK LAYMAN,

        Defendants.

Civ. No. 6:18-cv-2079-MC

OPINION AND ORDER

**MCSHANE, Judge**:

Plaintiff Anna M. Bjornsdotter, proceeding on behalf of herself and others similarly situated, alleged that Defendants Suttell & Hammer, P.S., ("Suttell") and Patrick Layman violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"). Pl.'s Compl. ¶ 1, ECF No. 1. Specifically, Plaintiff claimed that Defendants falsely alleged that Discover Bank was entitled to a judgment on the account, that Defendants were unjustly enriched, and that Defendants impermissibly tried to collect a $65 process service fee. *Id.* at ¶¶ 38–40. Because Plaintiff's first two claims were barred by the *Rooker-Feldman* doctrine and issue preclusion and Plaintiff failed to raise a genuine dispute of material fact with respect to her third claim, this Court granted Defendants' Motion to Dismiss and for Summary Judgment and denied Plaintiff's Motion for Partial Summary Judgment on March 4, 2020. Op. and Order 2, ECF No 49.

Defendants now move for $1,566.55 in costs and $159,577.50 in attorney fees pursuant to 28 U.S.C. § 1920, Fed. R. Civ. P. 54(d), L.R. 54-1, L.R. 54-3, and 15 U.S.C. § 1692k(a)(3).

Bill of Costs, ECF No. 51; Defs.' Mot., ECF No. 53. Because Defendants are entitled to costs and attorney fees, Defendants' Motions (ECF No. 51 and 53) are GRANTED in part.

## DISCUSSION

### I. Costs

"Unless a federal statute, [the Federal Rules of Civil Procedure], or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1); *see also* L.R. 54-1. A judge or clerk may tax certain items as costs pursuant to 28 U.S.C. § 1920. Here, Defendants seek $1,266.55 for deposing Plaintiff and Hunter Hoestenbach and $300 for the *pro hac vice* filing fee for Brad Fisher. Bill of Costs 2. Plaintiff argues that Defendants did not need to depose her and that Mr. Fisher's *pro hac vice* admission was unnecessary. Pl.'s Obj. 1–2, ECF No. 60. Defendants reasonably deposed Plaintiff and relied on her statements to establish certain facts. *See* Defs.' Resp. 2, ECF No. 65. Mr. Fisher is a Washington attorney who represents Defendants in FDCPA actions, particularly class actions. Defs.' Resp. 4. Whether Mr. Fisher actually appeared in the action is irrelevant. Defendants are entitled to $1,566.55 in costs.

### II. Attorney Fees

"In the United States, parties are ordinarily required to bear their own attorney's fees— the prevailing party is not entitled to collect from the loser." *Buckhannon Bd. v. West Virginia D.H.H.R.*, 532 U.S. 598, 602 (2001). The general practice is not to award fees to a prevailing party "absent explicit statutory authority." *Id.* at 602 (citing *Key Tronic Corp. v. United States*, 511 U.S. 809, 819 (1994)). Under the FDCPA, a court may award a defendant reasonable attorney fees on a finding that a plaintiff brought an action "in bad faith and for the purpose of harassment." 15 U.S.C. § 1692k(a)(3). "A finding of bad faith is warranted where an attorney 'knowingly or recklessly raises a frivolous argument or argues a meritorious claim for the

purpose of harassing an opponent.'" *Primus Auto. Fin. Servs., Inc. v. Batarse*, 115 F.3d 644, 649 (9th Cir. 1997) (quoting *In re Keegan Mgmt. Co., Sec. Litig.*, 78 F.3d 431, 436 (9th Cir. 1996)). "A frivolous case is one that is groundless . . . with little prospect of success; often brought to embarrass or annoy the defendant." *United States v. Manchester Farming P'ship*, 315 F.3d 1176, 1183 (9th Cir. 2003) (citation and internal quotations omitted). Where a claim is minimally colorable and the opposing party offers no evidence, a finding of bad faith and harassment is unwarranted. *See Guerrero v. RJM Acquisitions LLC*, 499 F3d 926, 940–41 (9th Cir 2007).

Plaintiff's claims were clearly untenable from the outset of this litigation. Plaintiff sought relief from a state court determination and raised issues "inextricably intertwined" with the state court decision in her federal claims. Op. and Order 4–6. Additionally, Suttell had a good faith basis for seeking a $65 process service fee and Plaintiff failed to raise a genuine dispute of material fact with respect her claim regarding the fee. *Id.* at 7. In *Ceresko v. LVNV Funding, LLC*, the Ninth Circuit found that the district court did not abuse its discretion by awarding fees to a defendant where the plaintiff's FDCPA claim had been previously litigated and lacked favorable legal authority. 484 F. App'x 113, 114–15 (9th Cir. 2012).

Plaintiff also lobbed several insults and accusations at Defendants, which supports an inference that she sought to embarrass or annoy them. *See* Pl.'s Mot. 17, 18, 30, 31, ECF No. 32 (accusing Defendants of being unethical, allowing the filing of a false affidavit, "demonstrat[ing] an absolute willingness to corrupt their claims and misrepresent and deceive the court," and being "corrupt"); Pl.'s Reply 12, ECF No. 46 (stating that Defendants "are complete idiots" or acted "in bad faith," "do not take their obligation to tell the whole truth seriously," and "[h]id[e] behind unsustainable objections and us[e] half-truths to tell whole lies."). Plaintiff brought these claims in bad faith and for the purpose of harassment.

The requested fees must be reasonable**.** A reasonable billing rate is determined based on

the "prevailing market rate" in the relevant community. *See Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008). The burden is on the petitioner to prove "that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984). The Ninth Circuit applies the "lodestar" method for calculating attorney fees. *Fischer v. SJB–P.D. Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000). That calculation multiplies a reasonable hourly rate by the number of hours reasonably expended in the litigation. *Id.* (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S. Ct. 1933 (1983)).

A strong presumption exists that the lodestar figure represents a reasonable fee, and it should therefore only be enhanced or reduced in "rare and exceptional cases." *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986). The court decides whether to enhance or reduce the lodestar figure by evaluating a variety of factors. *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008). Oregon courts consider the Oregon State Bar Economic Survey's 75th percentile hourly rate to be an appropriate standard for measuring attorney fees requests.[1] *MW Builders, Inc. v. Safeco Ins. Co. of America*, No. 02-1578, 2009 WL 1161751, at *11 (D. Or. Apr. 28, 2009).

Caitlin Shin is an associate with five years of experience. Defs.' Mot. 8. Defendants seek hourly rates of $380 for 2019 and $435 for 2020 for Ms. Shin's work. *Id.* These requested hourly rates exceed the 95th percentile for similarly situated attorneys in Portland with Ms. Shin's level of experience, which is $350. *See* Oregon State Bar Economic Survey, 38. Defendants argue that Ms. Shin performed work that a more experienced lawyer would typically perform. Defs.' Mot. 8–9. An inexperienced attorney will spend more time on a matter than a more experienced

---

[1] The economic survey is available at https://www.osbar.org/_docs/resources/Econsurveys/17EconomicSurvey.pdf.

attorney. This Court will not award Defendants a higher billing rate for Ms. Shin based on her relative lack of experience when it undoubtedly would have taken a more experienced attorney less time to complete the same work. Ms. Shin is entitled to the 75th percentile hourly rate, $300. *See* Oregon State Bar Economic Survey, 38. Adjusting for inflation, this Court awards Ms. Shin attorney fees at hourly rates of $311 for 2019 and $319 for 2020. *See S.G.W. v. Eugene Sch. Dist.*, No. 6:16-CV-01612-AA, 2017 WL 2365134, at *2, n.3 (D. Or. May 30, 2017) (explaining that courts adjust hourly rates for inflation using the U.S. Bureau of Labor Statistics' consumer price index).

Kevin Kono is a partner with seventeen years of experience. Defs.' Mot. 9. Defendants seek hourly rates of $495 for 2018, $530 for 2019, and $565 for 2020. *Id.* The 95th percentile for similarly situated attorneys in Portland with Mr. Kono's level of experience is $500. *See* Oregon State Bar Economic Survey, 39. Defendants argue that Mr. Kono's requested rates are justified because he is a premier litigator with extensive experience in consumer and FDCPA cases. Defs.' Mot. 9. In *Owens v. Klamath Falls Oregon State Police Dep't.*, the court awarded a Davis Wright Tremaine partner—who had twenty-eight years of litigation experience and relevant expertise—an hourly rate "close to" the 95th percentile. No. 1:11-CV-3049-PA, 2012 WL 1697310, at *2 (D. Or. May 14, 2012) (awarding $425.50 in 2012 when the 95th percentile from the Oregon State Bar 2007 Economic Survey was $445). Mr. Kono's requested rates are unreasonable. The Economic Survey's $400 hourly rate at the 75th percentile already accounts for sixteen to twenty years of experience. *See* Oregon State Bar Economic Survey, 39. Adjusting for inflation, the Court awards Mr. Kono $408 for 2018, $415 for 2019, and $425 for 2020. *See S.G.W.*, No. 6:16-CV-01612-AA, 2017 WL 2365134, at *2, n.3.

Finally, Defendants seek hourly rates of $130 for 2019 and $140 for 2020 for paralegal David MacKenzie's work. These requested fees are less than the 75th percentile for first year

attorneys in Portland, which is $236. *See* Oregon State Bar Economic Survey, 38. "[A] reasonable hourly rate for a paralegal should not exceed that of a first year associate." *SPF Brewery Blocks, LLC v. Art Inst. of Portland, LLC*, No. 3:18-CV-1749-MO, 2019 WL 1497029, at *3 (D. Or. Apr. 4, 2019) (quoting *Precision Seed Cleaners v. Country Mut. Ins. Co.*, 976 F. Supp. 2d 1228, 1248 (D. Or. 2013)). Mr. MacKenzie's rates are reasonable.

It was unreasonable for Ms. Shin, Mr. Kono, and Mr. MacKenzie to spend 390.7 hours on this case. *See* Defs.' Mot. 5. The case involved straightforward issues and most of the facts were previously litigated in state court. It should have been relatively easy to establish grounds for dismissal and/or summary judgment. This Court adopts the inflation-adjusted rates described above, multiplies the average of each individual's rates against his or her hours expended, and discounts the total fees by half because the case did not require such extensive time.

This Court, therefore, grants Defendants $65,465.25 in attorney fees.

## **CONCLUSION**

For the forgoing reasons, Defendants are entitled to costs in the amount of $1,566.55 and attorney fees in the amount of $65,465.25.


IT IS SO ORDERED.

DATED this 1st day of June, 2020.


  s/Michael J. McShane
Michael J. McShane
United States District Judge